IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE ARNOLD, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-750 |
| v. | : | |
| | : | (Judge Kane) |
| TRACY SMITH, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Before the Court is pro se Plaintiff Dale Arnold ("Plaintiff")'s complaint filed pursuant to 28 U.S.C. § 1983 (Doc. No. 1), motion for a sweat lodge (Doc. No. 17), and motion for summary judgment (Doc. No. 23), as well as Defendants' brief in opposition to the motion for a sweat lodge (Doc. No. 25), Plaintiff's reply brief (Doc. No. 33), and Defendants' motion to dismiss Plaintiff's motion for summary judgment as premature (Doc. No. 26). Because the time period for filing a response to Defendants' motion to dismiss has expired, all pending motions are ripe for resolution.

**I.    BACKGROUND**

Plaintiff is currently incarcerated at the State Correctional Institution in Benner Township, Pennsylvania ("SCI Benner Township") and has brought suit against Defendants Tracy Smith ("Smith"), John Wetzel ("Wetzel"), Mathew McCoy ("McCoy"), and Michael Wenerowicz ("Wenerowicz"). In his complaint, Plaintiff alleges that Defendants have violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") based upon his inability to engage in Native American ceremonial activities in a sweat lodge. (Doc. No. 1.) As relief, Plaintiff seeks damages and the provision of a sweat lodge. (Id.)

In an Order dated June 7, 2019, the Court granted Plaintiff leave to proceed in forma pauperis and directed service of his complaint upon Defendants. (Doc. No. 14.) On June 24, 2019, the Court received Plaintiff's motion for a sweat lodge. (Doc. No. 17.) In that motion, Plaintiff essentially seeks mandatory preliminary injunctive relief in the form of an Order directing Defendants to build and provide him use of a sweat lodge at SCI Benner Township. (Id.)

Defendants returned their waivers of service to the Court on July 8, 2019. (Doc. No. 22.) Ten (10) days later, the Court received Plaintiff's motion for summary judgment, in which Plaintiff maintains that Defendants never responded to his filings. (Doc. No. 23.) Defendants filed their brief in opposition to Plaintiff's motion for a sweat lodge on July 24, 2019 (Doc. No. 25) and filed their motion to dismiss Plaintiff's motion for summary judgment as premature on July 26, 2019 (Doc. No. 26). Defendants subsequently filed a motion for an extension of time to respond to Plaintiff's complaint (Doc. No. 28), which the Court granted by Order on August 2, 2019 (Doc. No. 30). Defendants' response to the complaint is currently due on or before October 31, 2019. After receiving an extension of time (Doc. Nos. 31, 32), Plaintiff filed a reply brief regarding his motion for a sweat lodge on August 15, 2019. (Doc. No. 33).

## II. PLAINTIFF'S MOTION FOR A SWEAT LODGE

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. See Orson, Inc. v. Miramax Film Corp., 836 F. Spp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Bd. of Tr. of Bloomsburg State Coll., 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct

complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest.  See S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)).  To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm.  See Continental Group, Inc. v. Amoco Chemical Corp., 614 F.2d 351, 359 (3d Cir. 1980).   It is the moving party that bears the burden of demonstrating these factors.  See Dorfman v. Moorhous, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993).  "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued."  SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).  Furthermore, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  See Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'"  See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)).  "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  The preliminary injunction must be the only way of protecting the plaintiff from harm."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  "The key word in this consideration is irreparable. . . .  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of

3

litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974) (emphasis in original)

In the instant matter, Defendants oppose Plaintiff's motion for a sweat lodge on the basis that he "seeks resolution of the ultimate issues presented in his Complaint." (Doc. No. 25 at 3.) Defendants maintain that Plaintiff "cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issues will later be decided either by the Court, upon consideration of a possible motion to dismiss, or at trial." (Id.) In his reply brief, Plaintiff maintains that the provision of a sweat lodge is a "sacred sacrament" and that there are at least fifteen (15) other inmates at SCI Benner Township who would use the sweat lodge. (Doc. No. 33.)

The Court agrees with Defendants that Plaintiff has not demonstrated that he will suffer irreparable harm if his motion for a sweat lodge is not granted at this time. As noted above, Plaintiff's motion for immediate relief seeks resolution of the ultimate issues presented in his complaint. Thus, Plaintiff has not demonstrated "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." See Instant Air Freight Co., 882 F.2d at 801; see also Sampson, 415 U.S. at 90. For this reason, the Court will deny Plaintiff's motion for a sweat lodge. (Doc. No. 17.)

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION TO DISMISS

Plaintiff has filed a motion for summary judgment on the basis that Defendants have failed to respond to his complaint. (Doc. No. 23.) Defendants have filed a motion to dismiss Plaintiff's motion for summary judgment as premature (Doc. No. 26), asserting that their time to answer the complaint has not yet expired and therefore all facts remain in dispute (Doc. No. 27). This Court has recognized that a motion for summary judgment should be denied as premature

when the "defendants ha[ve] yet to file any responsive pleading." See Walter v. Zenk, No. 4:01-cv-1644, 2008 WL 351250, at *2 (M.D. Pa. Feb. 7, 2008). Accordingly, the Court will grant Defendants' motion to dismiss (Doc. No. 26) and will deny Plaintiff's motion for summary judgment (Doc. No. 23) as premature. This denial will be without prejudice to Plaintiff's right to file a subsequent motion for summary judgment after discovery concludes or at some other appropriate time. See In re Pettaway, 457 F. App'x 96, 98 (3d Cir. 2012).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a sweat lodge (Doc. No. 17) will be denied. Defendants' motion to dismiss Plaintiff's motion for summary judgment (Doc. No. 26) will be granted, and Plaintiff's motion for summary judgment (Doc. No. 23) will be denied as premature. This denial will be without prejudice to Plaintiff's right to file a subsequent motion for summary judgment after discovery concludes or at some other appropriate time. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania